***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GABRIELLA'S LLC d/b/a GABRIELLA'S ITALIAN STEAKHOUSE, PATRICIA'S OF HOLMDEL, LLC, OEK NJ LLC d/b/a OVER EASY KITCHEN, and OVER EASY LLC d/b/a OVER EASY KITCHEN, | Civil Action No.: 20-7799 (FLW) (ZNQ) |
| Plaintiffs, | |
| v. | OPINION |
| THE HARTFORD INSURANCE GROUP, TWIN CITY FIRE INSURANCE CO., and UTICA FIRST INSURANCE COMPANY, | |
| Defendants. | |

**WOLFSON, Chief Judge:**

This matter comes before the Court on a Motion to Remand filed by Plaintiffs Gabriella's LLC, doing business as Gabriella's Italian Steakhouse; Patricia's of Holmdel LLC; OEK NJ LLC, doing business as Over Easy Kitchen; and Over Easy LLC, also doing business as Over Easy Kitchen ("Plaintiffs"). On April 9, 2020, Plaintiffs filed this insurance coverage action in the Superior Court of New Jersey, Law Division, Monmouth County, seeking a declaratory judgment that Defendants the Hartford Insurance Group, Twin City Fire Insurance Co. ("Twin City"), and Utica First Insurance Company (collectively, "Defendants") are obligated to provide coverage under their comprehensive general liability policies for losses that occurred as a result of Executive Orders issued by the Governor of the State of New Jersey that limited the operation of nonessential businesses in response to the COVID-19 pandemic. On June 25, 2020, Twin City removed the

matter to this Court pursuant to 28 U.S.C. § 1332(a)(1), based on diversity jurisdiction. For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED**; however, their request for attorneys' fees and costs is **DENIED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs own and operate several restaurants in New Jersey. (Am. Compl. ¶¶ 3–6.) Defendants issued Plaintiffs comprehensive general liability insurance policies that contained coverage provisions for Business Income, Extra Expense, and Civil Authority. (*See id.* ¶¶ 14–55.)

On March 21, 2020, the Governor of the State of New Jersey, in response to the COVID-19 pandemic, issued Executive Order No. 107, which forbid restaurants from serving patrons on-site. (*Id.* ¶ 58.) Plaintiffs allege that since the issuance of Executive Order No. 107, they have been unable to operate their businesses as normal and have suffered significant losses. (*See id.* ¶¶ 59–61.)

On April 9, 2020, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Monmouth County, seeking declaratory judgments as to Plaintiffs' rights under their respective insurance policies. An Amended Complaint was subsequently filed on May 7, 2020. Plaintiffs served Twin City by serving the Summons and Amended Complaint on the New Jersey Commissioner of Banking and Insurance on May 13, 2020. (Mot. to Remand, at 5.) The Commission of Banking and Insurance then sent the Summons and Amended Complaint to CT Corporation, Twin City's registered agent, via certified mail. (*Id.*) The package containing the Summons and Amended Complaint was delivered to CT Corporation's New Jersey address by the United States Postal Service ("USPS") on May 22, 2020. (*See* DiCicco Cert., Ex. A.)

When the deadline for Defendants' responsive pleading approached, Plaintiffs and Twin

City stipulated to extend Twin City's time to file an answer or other motion to July 8, 2020.[1] On June 25, 2020, Twin City filed a notice of removal, with the consent of its co-defendants, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the case to this Court based on the diversity of the parties. This motion to remand followed.

## II.   LEGAL STANDARD

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603–04 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)–(b)). Indeed, the statute provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Importantly, "[w]hen the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer*

---

[1]   The parties agreed only to extend Twin City's time to file a responsive pleading, *i.e.*, an answer to the Complaint. The parties did not consent to any extension of time to file a notice of removal.

*v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### III.  DISCUSSION

#### A.  <u>Motion to Remand</u>

Plaintiffs argue that remand of this mater to State Court is appropriate because Twin City did not file its notice of removal within thirty days of service, as required by 28 U.S.C. § 1446(b). In that connection, Plaintiffs assert that because the Summons and Amended Complaint were delivered to CT Corporation on May 22, 2020, any notice of removal was required to be filed by June 22, 2020.  Twin City, however, asserts that service could not have been complete on May 22, 2020, because the Summons and Amended Complaint were delivered by USPS after CT Corporation had closed for the day.  (Hickman Aff. ¶ 8.)  Rather, Twin City contends that service of the Summons and Amended Complaint was complete on May 26, 2020, when CT Corporation retrieved the Summons and Amended Complaint from the local Post Office.[2]  (Hickman Aff. ¶ 8.) Thus, the sole issue before the Court is when the thirty-day period for removal commenced.

Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts are obligated to strictly construe the removal statute and all doubts are to be resolved against removal and in favor of remand.  *Boyer*, 913 F.2d at 111.  However, "Congress has consistently

---

[2]  Twin City submitted an affidavit from a CT Corporation employee, who asserts that CT Corporation's weekday office hours are 9:00 am to 4:00 pm, and that mail addressed to CT Corporation is held at the Post Office until retrieved by CT Corporation personnel during working hours. (Hickman Aff. ¶ 8.) Thus, "mail delivered to the Post Office beyond working hours is retrieved on the next business day." (*Id.*)

4

sought to ensure that a defendant has 'adequate time' to consider removal after learning not only that it was the subject of a lawsuit, but also the basis for removal." *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 632 (D.N.J. 2009). In light of that purpose, the Supreme Court has determined that the removal period does not commence until the defendant is "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999). In other words, the thirty-day period for removal begins to run once the defendant, or his agent, is properly served with the summons and complaint. *See id.*; *Orlick v. J.D. Caton & Son, Inc.*, 144 F. Supp. 2d 337, 340–41 (D.N.J. 2001) ("A defendant seeking removal of an action initiated in a state court must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant.").

The Court thus turns to the question of when service on Twin City, through CT Corporation, was perfected. Federal Rule of Civil Procedure 4(h) provides two methods by which a corporation may be served with a copy of the summons and complaint. One of the permissible methods of service under Rule 4(h) requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, service may be made upon a corporation "in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, Plaintiffs served Twin City via substituted service to the Commission of Banking

and Insurance pursuant to N.J. Stat. Ann. § 17:32-2(c). That section authorizes the Commissioner of Banking and Insurance ("the Commissioner") to receive "original process in any action or legal proceeding" against a foreign insurance company. N.J. Stat. Ann. § 17:32-2(c). Once served, the Commissioner forwards the summons and complaint to the party's registered agent. *Id.* The Commissioner received the Summons and Amended Complaint on May 13, 2020. (Not. of Removal, Ex A, at 4.) Thereafter, on May 20, 2022, the Commissioner sent a package containing the Summons and Amended Complaint, via certified mail, to Twin City's registered agent, CT Corporation. (*Id.* at 3.) According to the USPS tracking information, the package arrived at CT Corporation's local Post Office on May 22, 2020 at 3:51 pm and was ready for pickup that same day at 4:56 pm. (DiCicco Cert., Ex. A.) The package was thereafter marked as "Delivered" on May 22, 2020, at 5:03 pm. (*Id.*) New Jersey law provides that service by mail is deemed complete "upon the date of acceptance of the certified or registered mail." N.J. Ct. R. 1:5-4(b). Service of the Summons and Amended Complaint was, therefore, complete when the package containing the Summons and Amended Complaint was delivered to CT Corporation on May 22, 2020.

Nevertheless, Twin City maintains that, because CT Corporation closed at 4:00 pm on Friday, May 22, 2020, and the weekend that followed was a holiday weekend, it could not have received service of the Summons and Amended Complaint until Tuesday May 26, 2020, when both CT Corporation and the Post Office reopened. In that regard, Twin City argues that it could not have been "in receipt" of the Summons and Amended Complaint until an employee of CT Corporation, in fact, acknowledged receipt of the package containing the Summons and Amended Complaint on May 26, 2020. In support of its position, Twin City points to *Tucci v. Hartford Financial Services Group, Inc.*, in which the court considered the narrow question of when the thirty-day period of removal commences "if process is served only on a statutory agent." 600 F.

Supp. 2d at 631–32. The *Tucci* court joined "the vast majority of courts to consider this question [that] have held that the thirty-day period for removal does not commence with service on a statutory agent, but instead when the defendant receives the summons and complaint." *Id.* The court's decision in *Tucci*, however, has limited relevance to the question of when a complaint, sent by certified mail to a defendant's registered agent pursuant to state law, should be deemed "received" for the purpose of the removal statute.[3]

Moreover, the Court is hesitant to accept Twin City's theory that the thirty-day removal period is only triggered once a defendant acknowledges service of the summons and complaint. Such an approach would plainly conflict with both the Federal Rules of Civil Procedure and the New Jersey Court Rules, which both provide that service is complete upon delivery of the summons and complaint. *See* Fed. R. Civ. P. 4(h)(1)(B) ("[A] corporation . . . must by served by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." (emphasis added)); N.J. Ct. R. 1:5-4(b).[4] Indeed, if the Court were to proceed as Twin City suggests, a defendant could leave a package containing a summons and complaint in its mailbox for weeks

---

[3] Twin City further relies on *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206 (5th Cir. 2005), to support its argument. There, the Fifth Circuit considered whether, under Mississippi law, service was complete where a process server left copies of the summons and complaint at the office of defendant's registered agent outside of its business hours. The Fifth Circuit determined that service was not complete until the registered agent's office reopened and the papers could be processed. *Id.* at 213. However, *City of Clarksdale* is inapplicable to the instant matter as it involved personal service of the corporation's registered agent under Mississippi law, as opposed to service by certified mail under New Jersey law, which is at issue here.

[4] The New Jersey Court Rules provide that service by certified mail is "deemed complete upon the date of acceptance." N.J. Ct. R. 1:5-4(b). The "date of acceptance" can be construed to mean the date of delivery of the certified mail, as the Rule contemplates a situation in which "the addressee fails to claim or refuses to accept delivery of certified or registered mail." *Id.*

thereby continuously delaying service of process. This would be an absurd result and therefore, the inquiry into service by certified mail must end once the mail has been placed in the registered agent's mailbox.

Most critically, however, Twin City has failed to meet its burden of demonstrating that its agent was not "in receipt" of the Summons and Amended Complaint on May 22, 2020. Twin City asserts that CT Corporation retrieved the package containing the Summons and Amended Complaint from the Post Office on May 26, 2020, following the Memorial Day holiday weekend. Twin City, however, fails to present an affidavit from the CT Corporation employee who retrieved the package or otherwise identify that individual. Rather, Twin City relies on the "Service of Process" transmittal form that was sent to it by CT Corporation which states CT Corporation received the package on May 26, 2020. The Court, however, finds the actual USPS records to be more credible evidence on the issue of when the Summons and Amended Complaint were delivered to Twin City's agent. Indeed, it is possible that CT Corporation did receive the package on May 22, 2020, but simply did not process the transmittal form to Twin City that same day. The rules of service and, correspondingly, the removal statute cannot consider every corporation's business practices in determining the date a defendant was served by certified mail with a summons and complaint. Rather, a more-straight forward rule is required. The Court, accordingly, is satisfied that Defendant was "in receipt" of the Summons and Amended Complaint on May 22, 2020, when it was delivered to its agent, CT Corporation. Any notice of removal, thus, was required to be filed by June 22, 2020. Twin City did not file its Notice of Removal until June 25, 2020. Because removal was untimely, the Court remands this matter to State Court.

B. **Attorneys' Fees and Costs**

When a district court grants a motion to remand to state court, it may award "just costs and

any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). These awards are within the discretion of the district courts. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  In *Martin*, the United States Supreme Court provided guidance as to when costs and expenses should be rewarded in the case of remand, stating that "the appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.  The *Martin* Court further provided that awarding fees should "turn on the reasonableness of the removal" and be awarded "only where a removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.

The Court declines to award Plaintiffs attorneys' fees and costs.  Defendant's removal to federal court, while untimely, was not wholly devoid of objective reasonableness.  Twin City's removal defect was purely procedural, given that there is a valid basis for diversity jurisdiction over the matter.  The Court finds that a reasonable basis existed for Defendant to believe that removal was made within the 30-day window, even though Defendant was incorrect as to the proper date of service. Such a mistake does not warrant any award of fees to Plaintiffs.

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **GRANTED** and their requests for costs and expenses is **DENIED**.  This matter shall be remanded to the Superior Court of New Jersey, Law Division, Monmouth County for further proceedings.  An appropriate form of Order is filed herewith.

DATED: February 25, 2021                                        /s/ Freda L. Wolfson
                                                                Freda L. Wolfson
                                                                U.S. Chief District Judge